IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EUGENE CARL HATHAWAY                                              PETITIONER

VERSUS                                     CIVIL ACTION NO. 2:09cv243-KS-MTP

J. L. NORWOOD, Regional Director of the
Federal Bureau of Prison                                          RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of the dismissal of this cause. Petitioner Eugene Carl Hathaway files this petition [1] for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. After reviewing the petition [1] and the memorandum in support [3], giving them the liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusion.

Background

The petitioner states in his petition [1] and memorandum in support [3] that he has not been convicted of a crime by any Mississippi state court and furthermore, he does not have any pending criminal charges in said courts. According to the petition, the petitioner was sentenced by a federal court to serve a federal sentence in the custody of the Bureau of Prisons. Therefore, the petitioner argues that his transfer to the Mississippi Department of Corrections to serve his federal sentence violates the judgment entered in his federal criminal case. Furthermore, the petitioner complains that he is being subjected to lock down 24 hours a day.

Analysis

For the federal district court to have jurisdiction to consider a habeas corpus petition, the petitioner must be *"in custody* in violation of the Constitution or laws or treaties of the United States." *See Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed. 2d 540 (1989)

(emphasis in original). Title 28, Section 2254(a) of the United States Code states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The United States Court of Appeals for the Fifth Circuit "has explained that § 2254 'affords relief to a [habeas] petition 'in custody' pursuant to the judgment of a state court.'" *Pleasant v. State of Texas*, 134 F.3d 1256, 1257 (5th Cir. 1998) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987). Since the petitioner states that he has not received a conviction from any Mississippi state court and is not being incarcerated for a state criminal conviction, but is serving a federal sentence, it is clear that he does not meet the "in custody" requirement set forth in 28 U.S.C. § 2254(a). Consequently, this Court finds that it lacks jurisdiction over this petition.

Moreover, the petitioner cannot maintain this petition for habeas relief pursuant to 28 U.S.C. § 2241. It is clear that the instant petition is a challenge to the conditions of his confinement, *i.e.*, his location or place of incarceration to serve his federal sentence, not the fact or duration of his confinement, which is the proper subject for a habeas petition filed pursuant to 28 U.S.C. § 2241. "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976). Further, the United States Court of Appeals for the Fifth Circuit addressing habeas petitions filed by federal inmates requesting injunctive relief regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993); *Hernadez v. Garrison*, 916 F.2d 291, 292-03 (5th Cir.1990).

2

## Conclusion

As discussed above, this Court finds that petitioner has failed to meet the "in custody" requirement of 28 U.S.C. § 2254(a) and his claim relating to his place or location of incarceration to serve his federal sentence is not properly before this Court as a petition for habeas relief pursuant to 28 U.S.C. § 2241. As such, this petition filed pursuant to § 2241 shall be dismissed with prejudice without an evidentiary hearing and his conditions of confinement claims are dismissed without prejudice so that the petitioner may pursue those claims in the proper manner.

A Final Judgment in accordance with this Memorandum Opinion shall issue this date.

THIS the 26th day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE